## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **R BEND ESTATES II, LLC, ET AL.,** | **CIVIL ACTION** |
| **Plaintiffs** | |
| **VERSUS** | **NO. 15-4951** |
| **ST. JOHN THE BAPTIST PARISH, ET AL.,** | **SECTION: "E"(1)** |
| **Defendants** | |

### ORDER AND REASONS

Subject-matter jurisdiction cannot be waived and must be raised by the court *sua sponte*.[1]

On October 3, 2015, Plaintiffs, R Bend Estates II, LLC ("R Bend"), Pierre Gaudin, and John Treme, filed this federal civil action against St. John the Baptist Parish and the St. John the Baptist Parish Council. According to the Plaintiffs, the Defendants have, on more than one occasion, arbitrarily and capriciously refused to issue to them appropriate zoning permits, which has prevented Plaintiffs from developing property they own in St. John the Baptist Parish.  The Plaintiffs allege violations of (1) the Takings Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 4, of the Louisiana Constitution; and (2) the due process and equal protection guarantees in both the United States Constitution and the Louisiana Constitution.[2]

The Defendants filed their answer on December 10, 2015. The Defendants assert lack of subject-matter jurisdiction as an affirmative defense in their answer.[3]

---

[1] FED. R. CIV. P. 12(h)(3); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) ("We are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). *See also Walker v. Teledyne Wah Chang*, 423 F. Supp. 2d 647, 649 (S.D. Tex. 2003).
[2] R. Doc. 1 at 7–8.
[3] R. Doc. 12 at 6.

The Court finds there is a basis to question its subject-matter jurisdiction over this matter, which involves a local zoning dispute that has not been fully litigated at the state level. One of the claims asserted by the Plaintiffs is a takings claim under the Fifth Amendment to the United States Constitution and Article 1, Section 4, of the Louisiana Constitution. The Fifth Circuit and the courts within it generally recognize that takings claims are not ripe in federal court until "(1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides."[4] Likewise, due process and equal protection claims are unripe in federal court if the claims rest solely on rights afforded by the Takings Clause and are brought in conjunction with an unripe takings claim.[5]

Because the Court must ensure that it has subject-matter jurisdiction, **IT IS ORDERED** that the Plaintiffs shall file a memorandum in support of the Court's subject-matter jurisdiction over this action no later than **Tuesday, July 19, 2016**, at **5:00 p.m.** For guidance in considering these subject-matter jurisdiction issues, the Court refers the Plaintiffs to *Bienville Quarters, LLC v. East Feliciana Parish Police Jury*, No. 07-158-JJB-DLD, 2010 WL 2653317 (M.D. La. June 25, 2010).

**IT IS FURTHER ORDERED** that the Defendants may, in response to the memorandum filed by the Plaintiffs, file a memorandum challenging the Court's subject-matter jurisdiction no later than **Tuesday, July 26, 2016**, at **5:00 p.m.**

**IT IS FURTHER ORDERED** that the parties shall comply with the pretrial deadlines in this matter, as set forth below:

---

[4] *Sandy Creek Investors, Ltd. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003) (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95 (1985)).
[5] *See, e.g., John Corp. v. City of Houston*, 214 F.3d 573, 584 (5th Cir. 2000).

| Plaintiff's expert reports | Delivered to defense counsel by **June 20, 2016** |
|---|---|
| Status Conference | **July 7, 2016** at **2:00 p.m.** |
| Defendant's expert reports | Delivered to plaintiff's counsel by **July 19, 2016** |
| Witness and exhibit lists | Filed and served upon opponents by **July 19, 2016** |
| Plaintiffs' memorandum in support of subject-matter jurisdiction | Filed and served no later than **July 19, 2016** at **5:00 p.m.** |
| Defendants' memorandum, if any, objecting to subject-matter jurisdiction motion | Filed and served no later than **July 26, 2016** at **5:00 p.m.** |
| Depositions and discovery | Completed by **August 16, 2016** |
| Non-evidentiary pretrial motions and motions in limine regarding the admissibility of expert testimony | Filed and served no later than **August 16, 2016** at **5:00 p.m.**<br><br>*See* **Scheduling Order at p. 2 regarding the format of depositions.** |
| Responses/oppositions to non-evidentiary pretrial motions and motions in limine regarding the admissibility of expert testimony | Filed and served no later than **August 23, 2016** at **5:00 p.m.** |
| Pretrial order | Filed by **September 9, 2016** at **5:00 p.m.**<br><br>Any exhibits to be used solely for impeachment must be presented to the Court for in camera review by this deadline. *See* Section IX.10.b of the pretrial notice |
| Pretrial conference | **September 14, 2016 at 3:00 p.m.**<br><br>**Attended by lead attorney. (See Local Rule 11.2)** |
| Motions in limine (other than those regarding the admissibility of expert testimony) and memoranda in support | Filed and served no later than **September 15, 2016** at **5:00 p.m.** |
| Responses to non-expert motions in limine and memoranda in support | Filed and served no later than **September 22, 2016** at **5:00 p.m.** |
| Joint statement of the case | Filed by **September 26, 2016** at **5:00 p.m.** *See* pretrial notice at p. 8 |
| Joint jury instructions (or if agreement cannot be reached, three sets of instructions, as set forth in the pretrial notice at p. 8) | Filed and emailed to the Court by **September 26, 2016** at **5:00 p.m.**  *See* pretrial notice at p. 8 |

| | |
|---|---|
| Joint proposed jury verdict form (or if agreement cannot be reached, separate proposed jury verdict forms and a joint memorandum explaining the disagreements between the parties as to the verdict form). | Filed by **September 26, 2016** at **5:00 p.m.** *See* pretrial notice at p. 8 |
| Proposed special voir dire questions | Filed by **September 26, 2016** at **5:00 p.m.** *See* pretrial notice at p. 8 |
| Objections to exhibits and supporting memoranda<br><br>**Note:** Each objection must identify the relevant objected-to exhibit by the number assigned to the exhibit in the joint bench book(s). *See* pretrial notice at p. 5. | Filed by **September 26, 2016** at **5:00 p.m.** *See* pretrial notice at p. 5 |
| Two copies of joint bench book(s) of tabbed exhibits, with indices of "objected-to" and "unobjected-to" exhibits, identifying which party will offer each exhibit and which witness will testify regarding the exhibit at trial | Delivered to the Court by **September 26, 2016** at **5:00 p.m.** *See* pretrial notice at pp. 5-6 |
| Trial memoranda | Filed by **September 26, 2016** at **5:00 p.m.** *See* pretrial notice at pp. 8-9 |
| Objections to deposition testimony and supporting memoranda | Filed by **September 26, 2016** at **5:00 p.m.** *See* pretrial notice at p. 6 with particular attention to instructions regarding the format of depositions |
| Responses to objections to exhibits | Filed by **September 28, 2016** at **5:00 p.m.** *See* pretrial notice at p. 5 |
| Responses to objections to deposition testimony | Filed by **September 28, 2016** at **5:00 p.m.** *See* pretrial notice at p. 6. |
| If counsel intends to ask questions on cross-examination of an economic expert which require mathematical calculations | The factual elements of such questions shall be submitted to the expert witness by **September 28, 2016** at **5:00 p.m.** *See* pretrial notice at p. 7. |
| List and brief description of any charts, graphs, models, schematic diagrams, and similar objects intended to be used in opening statements or closing arguments | Provided to opposing counsel by **September 28, 2016** at **5:00 p.m.** *See* pretrial notice at p. 7 |
| Objections to any charts, graphs, models, schematic diagrams, and similar objects intended to be used by opposing counsel in opening statements or closing arguments | Filed by **September 29, 2016** at **5:00 p.m.** *See* pretrial notice at p. 7 |

| Jury trial | **October 3, 2016 at 9:00 a.m.**<br>(estimated to last **3** days) |
|---|---|

**New Orleans, Louisiana, this 12th day of July, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**