UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **R BEND ESTATES II, LLC, ET AL.,**<br>　　**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-4951** |
| **ST. JOHN THE BAPTIST PARISH, ET AL.,**<br>　　**Defendants** | **SECTION: "E"(1)** |

## ORDER AND REASONS

The Court considers *sua sponte* whether it has subject-matter jurisdiction over the Plaintiffs' claims.[1] The Court finds it does not have subject-matter jurisdiction over Plaintiffs' takings claims and procedural due process claims as they are not ripe. As a result, those claims are **DISMISSED WITHOUT PREJUDICE**. The Court has jurisdiction, however, over Plaintiffs' substantive due process and equal protection claims.[2]

## FACTUAL & PROCEDURAL BACKGROUND

On October 3, 2015, Plaintiffs, R Bend Estates II, LLC ("R Bend"), Pierre Gaudin, and John Treme, filed this federal civil action against St. John the Baptist Parish and the St. John the Baptist Parish Council. According to the Plaintiffs, the Defendants have, on more than one occasion, arbitrarily and capriciously refused to issue to them appropriate zoning permits, which has prevented Plaintiffs from developing property they own or control in St. John the Baptist Parish. The Plaintiffs allege violations of (1) the Takings

---

[1] Subject-matter jurisdiction cannot be waived and must be raised by the court *sua sponte*. FED. R. CIV. P. 12(h)(3); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) ("We are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). *See also Walker v. Teledyne Wah Chang*, 423 F. Supp. 2d 647, 649 (S.D. Tex. 2003). The Defendants asserted lack of subject-matter jurisdiction as an affirmative defense in their answer but did not file a motion to dismiss. *See* R. Doc. 12 at 6.
[2] As discussed herein, those claims may be subject to dismissal for failure to state a claim upon which relief can be granted.

1

Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 4, of the Louisiana Constitution; and (2) the due process and equal protection guarantees in both the United States Constitution and the Louisiana Constitution.[3]

This matter involves a local zoning dispute that has not been fully litigated at the state level. The Fifth Circuit and the courts within it generally recognize that takings claims are not ripe in federal court until "(1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides."[4] Likewise, due process and equal protection claims are unripe in federal court if the claims rest solely on rights afforded by the Takings Clause and they are brought in conjunction with an unripe takings claim.[5] To address these concerns, on July 12, 2016, the Court ordered Plaintiffs to file a brief in support of the Court's subject-matter jurisdiction over this action. The Court also permitted Defendants to file a brief challenging the Court's subject-matter jurisdiction.

## LAW AND ANALYSIS

I. TAKINGS CLAIMS

As stated above, it is well accepted in the Fifth Circuit that a takings a claim is not ripe in federal court until "(1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides."[6] In cases in which no actual

---

[3] R. Doc. 1 at 7–8.
[4] *Sandy Creek Investors, Ltd. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003) (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95 (1985)).
[5] *See, e.g.*, *John Corp. v. City of Houston*, 214 F.3d 573, 584 (5th Cir. 2000).
[6] *Sandy Creek*, 325 F.3d at 626 (citations omitted). *See also Steward v. City of New Orleans*, 537 F. App'x 552, 554–55 (5th Cir. 2013); *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 223–24 (5th Cir. 2012); *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 88 (5th Cir. 2011); *Coates v. Hall*, 512 F. Supp. 2d 770, 784 (5th Cir. 2007); *Willis v. City of Hattiesburg, Miss.*, No. 2:13CV218-HSO-RHW, 2014 WL 11515567, at *3 (S.D. Miss. July 14, 2014); *TexCom Gulf Disposal, LLC v. Montgomery Cnty., Tex.*,

taking has occurred, "Louisiana law recognizes an inverse condemnation action as a means of seeking just compensation."[7] In this case, Plaintiffs concede their property has not been taken but argue they have been denied special-use permits such that they are unable to develop their property. Plaintiffs also concede they "have not availed themselves [of] state court proceedings for compensation in an inverse condemnation action."[8] As a result, Plaintiffs' claims under the Takings Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 4, of the Louisiana Constitution for failing to issue special-use permits, and thereby denying Plaintiffs the ability to use and develop their property, are not ripe for consideration in federal court and, for that reason, are dismissed without prejudice.[9]

## II. PROCEDURAL V. SUBSTANTIVE DUE PROCESS

Plaintiffs do not distinguish between their procedural due process claims and their substantive due process claims, but this distinction is of critical importance. Procedural due process claims, like takings claims, are not ripe in federal court until state remedies have been exhausted.[10] True substantive due process claims need not be exhausted at the state level to be ripe for consideration in federal court, but substantive due process claims that are in reality subsumed by unripe takings claims are themselves unripe. A substantive due process claim is subsumed by an unripe takings claim when the substantive due

---

No. H-13-2789, 2014 WL 2931943, at *4 (S.D. Tex. June 27, 2014); *Bienville Quarters, LLC v. E. Feliciana Parish Police Jury*, No. 07-158-JJB-DLD, 2010 WL 2653317 (M.D. La. June 25, 2010);
[7] *Bienville Quarters*, 2010 WL 2653317, at *2 (citing *State v. Chambers Inv. Co.*, 595 So.2d 598, 602 (La. 1992)). "The Louisiana inverse condemnation action is considered adequate for these purposes." *Blue Monkey Bar, LLC v. Jefferson Parish*, No. 10-2947, 2011 WL 1303420, at *8 (E.D. La. Mar. 30, 2011).
[8] R. Doc. 21 at 1.
[9] *See, e.g., Willis*, 2014 WL 11515567, at *3 ("There is no indication that Plaintiffs . . . exhausted municipal and state procedures[] or otherwise sought compensation in state court before pursuing their federal claims in this case. Nor have Plaintiffs shown that the State's procedures for seeking compensation are unavailable or inadequate. Plaintiffs have not shown that their federal takings claim is ripe. This claim must be dismissed without prejudice." (citations omitted)).
[10] *See, e.g., Rathjen v. Litchfield*, 878 F.2d 836, 839–40 (5th Cir. 1989) ("[N]o denial of procedural due process occurs where a person has failed to utilize the state procedures available to him.")).

process claim rests solely on rights afforded by the Takings Clause and is brought in conjunction with an unripe takings claim.[11]

Plaintiffs have failed to distinguish their procedural due process claims from their substantive due process claims. The Court will do so based on the allegations of the Complaint.

III.   PROCEDURAL DUE PROCESS CLAIMS

Procedural due process requires "the government to follow appropriate procedures when its agents decide to deprive any person life, liberty, or property."[12] "Due process requires notice and an opportunity for a hearing before a government entity can deprive a person of property rights."[13] In this case, Plaintiffs have alleged that St. John the Baptist Parish (1) refused to accept applications for special-use permits, which denied them the ability to use their property as they saw fit, and (2) passed an ex post facto law, without a hearing or opportunity to be heard, specifically to interfere with Plaintiffs' property rights. Accordingly, Plaintiffs have clearly alleged that their procedural due process rights were violated. The Court must determine whether Plaintiffs' procedural due process claims are ripe for consideration in federal court.

In *Bowlby v. City of Aberdeen, Mississippi*, the Fifth Circuit explained that a "procedural due process claim that is brought concurrently with a takings claim . . . should be analyzed . . . according to 'general ripeness principles.'"[14] More specifically, the *Bowlby* court explained the Fifth Circuit "has distinguished procedural due process claims that involve allegations of deprivations 'ancillary to' or 'arising from' a takings claim from

---

[11] *Bienville Quarters*, 2010 WL 2653317, at *3
[12] *John Corp.*, 214 F.3d at 577 (internal quotations and citations omitted).
[13] *Gibb v. City of Friendswood*, No. G-07-329, 2007 WL 4326739, at *5 (S.D. Tex. Dec. 6, 2007) (citing *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 299 (5th Cir. 1998)).
[14] *Bowlby*, 681 F.3d at 223.

4

those whose main thrust is not a claim for a taking."[15] "The ripeness of the former depends on the ripeness of the 'ancillary' takings claim, while the ripeness of the latter is a separate matter from the ripeness of any attendant takings claim."[16]

A plain reading of the Complaint reveals that Plaintiffs' procedural due process claims allege deprivations "ancillary to" or "arising from" their takings claims. For example, the Plaintiffs allege in their Complaint that St. John the Baptist Parish has repeatedly refused to issue them permits and/or zoning variances, which has denied Plaintiffs the ability to develop their property for a legally permissible use, which, in turn, amounts to a taking of Plaintiffs' property. Whether Plaintiffs' procedural due process rights were violated in connection with the permitting process is intertwined with whether Plaintiffs' property was "taken without just compensation."[17] As the Southern District of Mississippi held in *Willis v. City of Hattiesburg*, "[t]he gravamen of Plaintiff's procedural due process claim is the taking, and this procedural due process claim is not separately cognizable from Plaintiffs' charge that they were denied full compensation for the alleged taking."[18] "[W]here the injury that resulted from an alleged procedural due process violation is merely a taking without just compensation, we cannot know whether the plaintiff suffered any injury until the takings claim has been adjudicated."[19] In this case, the Court finds Plaintiffs' procedural due process claims are "ancillary to" and "arise from" their takings claims.

---

[15] *Id.* (internal quotation marks omitted) (citing *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1045 n.6 (5th Cir. 1998)).
[16] *Id.*
[17] *See, e.g., Rosedale*, 641 F.3d at 91 ("The reason is that, where the injury that resulted from an alleged procedural due process violation is merely a taking without just compensation, we cannot know whether the plaintiff suffered any injury until the takings claim has been adjudicated."); *Steward*, 537 F. App'x at 555 (quoting *John Corp.*, 214 F.3d at 585) ("We held that 'it will only be when a court may assess the takings claim that it will also be able to examine whether [the owner of the demolished property was] afforded less procedure than is constitutionally required.'").
[18] *Willis*, 2014 WL 11515567, at *3 (citing *Bowlby*, 681 F.3d at 223–24; *Hidden Oaks*, 138 F.3d at 1045 n.6).
[19] *Rosedale*, 641 F.3d at 91.

Furthermore, courts in the Fifth Circuit have held, "[w]ith respect to procedural due process, while as a general rule an aggrieved person need not exhaust state remedies before filing suit in federal court to vindicate a state deprivation of constitutional rights, an exception to this rule applies when the alleged constitutional deprivation is the denial of procedural due process."[20] If a plaintiff does not avail himself or herself of the available state procedures, the plaintiff is foreclosed from pursuing his or her procedural due process claim in federal court.[21] The Court concluded above that the Plaintiffs failed to pursue an inverse condemnation action in state court, which the Plaintiffs do not dispute. This serves as an additional justification for the Court's conclusion that Plaintiffs' procedural due process claims are not ripe.

The Court finds that Plaintiffs' procedural due process claims—*i.e.,* that St. John the Baptist Parish refused to accept their applications for special-use permits and passed an ex post facto law without an opportunity to be heard—are not ripe and are dismissed without prejudice.

IV. SUBSTANTIVE DUE PROCESS & EQUAL PROTECTION CLAIMS

"An unripe takings claim does not necessarily subsume substantive due process and equal protection claims alleging deprivations in property."[22] "The Fifth Circuit has rejected a blanket rule that the Takings Clause subsumes any substantive due process claims."[23]

---

[20] *Pannell v. City of Columbus, Miss.*, No. 1:13CV202-NBB-DAS, 2014 WL 4843955, at *3 (N.D. Miss. Sept. 29, 2014) (citing *Rathjen*, 878 F.2d at 839–40 ("[N]o denial of procedural due process occurs where a person has failed to utilize the state procedures available to him.")). *See also Worley Brown, LLC v. Miss. Dep't of Archives and History*, No. 3:10cv394 HTW-LRA, 2012 WL 1424398, at *14 (S.D. Miss. Apr. 24, 2012).
[21] *See supra* note 20; *see also Willis*, 2014 WL 11515567, at *3
[22] *Bienville Quarters*, 2010 WL 2653317, at *3 (citing *John Corp.*, 214 F.3d at 584; *Simi Inv. Co. v. Harris Cnty.*, 236 F.3d 240, 248–49 (5th Cir. 2000)).
[23] *TexCom*, 2014 WL 2931943, at *4 (citing *John Corp.*, 214 F.3d at 583).

6

The Middle District of Louisiana in *Bienville Quarters, LLC v. East Feliciana Parish Police Jury* aptly summarized the inquiry that courts conduct to determine if a plaintiff's substantive due process and equal protection claims are subsumed by an unripe takings claim:

> [I]n cases such as this, where plaintiff brings substantive due process claims and equal protection claims in connection with a takings claim, the Court looks to determine the extent to which the plaintiff's substantive due process and equal protection claims rest on protections that are also afforded by the Takings Clause. If the substantive due process and equal protection claims rest solely on rights afforded to them by the Takings Clause and are brought in conjunction with an unripe takings claim, then such claims are consequently unripe. If, however, such claims assert rights not afforded to them by the Takings Clause, or, in other words, if they find their protection rooted in, for example, the Due Process Clause, then they are unaffected by the determination that a joined takings claim is unripe.[24]

In this case, Plaintiffs allege in their Complaint that "[t]he zoning ordinances and regulations in effect are being interpreted and enforced against plaintiffs in a manner that is arbitrary and capricious and in a manner differently than interpreted and enforced against other citizens in the same or similar circumstances within the Parish."[25] The Plaintiffs also allege that "the actions of the defendants deprive [them] of due process of law and equal protection of the law guaranteed by the United States and Louisiana Constitutions."[26]

Other courts have found that substantive due process and equal protection claims are not subsumed by an unripe takings claim. For example, in *Bienville Quarters*, the

---

[24] *Bienville Quarters*, 2010 WL 2653317, at *3 (citing *John Corp.*, 214 F.3d at 584–85).
[25] R. Doc. 1 at 8. The Fifth Circuit has held that the "main purpose of the Equal Protection Clause is to prevent official conduct that discriminates on the basis of race." *Bowlby*, 681 F.3d at 227. "To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff must allege and prove that [he or she] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory animus." *Id.* (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004)). Plaintiffs do not allege discrimination on the basis of race, nor do Plaintiffs otherwise allege that they were similarly situated to other individuals and experienced unequal treatment as compared to those individuals, motivated by discriminatory animus. *See* R. Doc. 1.
[26] R. Doc. 1 at 8.

plaintiff alleged that certain portions of a local zoning ordinance were "arbitrary and capricious." The court concluded that such a claim "invoke[d] protection of the Due Process Clause, not the Takings Clause, because it asserts rights not protected by the Takings Clause."[27] Also in *Bienville Quarters*, the plaintiff alleged the zoning ordinance "violate[d] equal protection and is an improper exercise of police powers as there is no rational justification for the differential treatment in exercise of that power."[28] The court concluded that "the right to be free from unequal treatment under the law, granted by the Equal Protection Clause, is not protected by the Takings Clause."[29] For these reasons, the *Bienville Quarters* court found that "both plaintiff's substantive due process and equal protection claims are ripe for review because they are not subsumed by plaintiff's unripe takings claim."[30]

A similar conclusion was reached by the Southern District of Texas in *TexCom Gulf Disposal, LLC v. Montgomery County, Texas*.[31] The court in *TexCom* noted the plaintiff's due process claims were "based on allegations that the County persistently and arbitrarily denied its permit applications without due process."[32] The court also noted the plaintiff's equal protection claims were based on the "right not to be treated differently than others similarly situated."[33] As a result, the court concluded that "[t]hese claims are not subsumed in a takings claim because they are not based on rights protected by the Takings Clause—the right to just compensation when a governmental entity takes one's

---

[27] *Bienville Quarters*, 2010 WL 2653317, at *3 (citing *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (discussing arbitrary and capricious measures that violate substantive due process without discussing takings issues)).
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] No. H-13-2789, 2014 WL 2931943 (S.D. Tex. June 27, 2014).
[32] *Id.* at *4.
[33] *Id.*

property."[34] The *TexCom* court also noted that the plaintiff was not seeking, "as damages, under these federal claims, the value of its entire property or business."[35] Instead, as the court noted, the plaintiff was claiming "it was denied due process and equal protection rights that exist independently from its property rights, and for which it seeks to recover damages that are different from the value of the property, such as commercial expectations, costs incurred in seeking to obtain the permits, and punitive damages."[36] The *TexCom* court relied on the fact that the plaintiff sought such damages in finding that the plaintiff's substantive due process and equal protection claims were not merely "mischaracterized takings claims."[37]

In this case, Plaintiffs have made allegations, though arguably bare-bones, similar to those in *Bienville Quarters* and *TexCom*. For example, with respect to their substantive due process claims, Plaintiffs allege the "zoning ordinances and regulations in effect are being interpreted and enforced against plaintiffs in a manner that is arbitrary and capricious."[38] With respect to their equal protection claims, Plaintiffs allege the "zoning ordinances and regulations in effect are being interpreted and enforced against plaintiffs . . . in a manner differently than interpreted and enforced against other citizens in the same or similar circumstances within the Parish."[39] Also, as in *TexCom*, the Court notes the Plaintiffs are not seeking as damages only the full value of their business and property but, instead, are also seeking damages such as commercial expectations, costs incurred in seeking to obtain permits, and punitive damages.[40] Because Plaintiffs' allegations appear

---

[34] *Id.* (citing *Bowlby*, 681 F.3d at 222).
[35] *Id.* at *5.
[36] *Id.* (citing *Bowlby*, 681 F.3d at 225).
[37] *Id.*
[38] R. Doc. 1 at 8.
[39] R. Doc. 1 at 8.
[40] *See* R. Doc. 1 at 9 ("For a money judgment for all lost profits and/or earnings caused by the acts and omissions of the defendants"; "For a money judgment for any and all consequential and incidental damages

to concern rights and privileges not protected by the Takings Clause, the Court finds Plaintiffs' substantive due process and equal protection claims are not subsumed by their unripe takings claims. Therefore, the Court finds Plaintiffs' substantive due process and equal protection claims are properly before the Court and will not be dismissed as unripe at this time.

Although the Court concludes, based on the allegations in the Complaint, that Plaintiffs' substantive due process and equal protection claims are ripe, this conclusion is not without reservation. The Fifth Circuit has cautioned, for example, that "substantive due process is not the appropriate avenue of relief for most landowner complaints, and that, with rare exceptions, takings clause jurisprudence cannot be circumvented by artful pleading of substantive due process claims."[41] A substantive due process claim can be recognized alongside a takings claim only when the takings analysis does not exhaust a plaintiff's constitutional claims.[42] "In the context of land use regulation, that is, in situations where the governmental decision impinges upon a landowner's use and enjoyment of property, a land-owning plaintiff states a substantive due process claim where he or she alleges that the decision limiting the intended land use was arbitrary and capricious."[43] The Fifth Circuit has cautioned that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense."[44] "The question is only whether a rational relationship exists between the policy and a conceivable legitimate

---

incurred because of the acts and omissions of the defendants"; and "For a money judgment for exemplary or punitive damages because of the defendants' willful and wanton violation of plaintiff's civil rights").
[41] *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (citing *Simi Inv. Co.*, 236 F.3d at 240). *See also Pannell*, 2014 WL 4843955, at *4.
[42] *Simi Inv. Co.*, 236 F.3d at 248.
[43] *Id.* at 249 (citing *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 601 (3d Cir. 1995)).
[44] *Worley Brown*, 2012 WL 1424398, at *15 (internal quotations omitted) (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998))).

objective. If the question is at least debatable, there is no substantive due process violation."[45]

In this case, although Plaintiffs allege that the "zoning ordinances and regulations in effect are being interpreted and enforced against plaintiffs in a manner that is *arbitrary and capricious*," this allegation is largely unsupported by factual assertions. "A general allegation that a state entity has 'arbitrarily and capriciously' interfered with a property right . . . does not, in itself, state a substantive due process claim in addition to a takings claim."[46] "If the substantive due process claim is not sufficiently independent, such a claim is simply a takings claim under a substantive due process label."[47] Plaintiffs' substantive due process and equal protection claims may be vulnerable to dismissal by summary judgment. Alternatively, further development of the nature of Plaintiffs' substantive due process and equal protection claims may support a motion to dismiss for lack of jurisdiction based on ripeness. Nevertheless, based on the briefs presently before the Court and the Plaintiffs' Complaint, the Court finds Plaintiffs' substantive due process and equal protection claims to be ripe, for present purposes.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the following claims are **DISMISSED WITHOUT PREJUDICE**: (1) Plaintiffs' claims under the Takings Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 4, of the Louisiana Constitution, and (2) Plaintiffs' procedural due process claims that St. John the Baptist Parish refused to accept their applications for special-use permits and passed an ex post facto law without an opportunity for them to be heard.

---

[45] *Id.* (citing *FM Props.*, 93 F.3d at 174).
[46] *Worley Brown*, 2012 WL 1424398, at *15.
[47] *Willis*, 2014 WL 11515567, at *4 (internal quotations omitted) (quoting *Steward*, 537 F. App'x at 556).

To the extent Plaintiffs' seek injunctive relief in this Court, those claims are also **DISMISSED WITHOUT PREJUDICE** as unripe.[48]

Plaintiffs' (1) substantive due process claims, and (2) equal protection claims are not dismissed as unripe. Defendants may address concerns regarding these claims for relief in dispositive motion practice.

**New Orleans, Louisiana, this 2nd day of August, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[48] "The state procedural requirement is applicable to both injunctive and declaratory relief on takings claims." *Ash Grove Tex., L.P. v. City of Dallas*, No. 3:08-CV-2114-O, 2009 WL 3270821, at *11 (N.D. Tex. Oct. 9, 2009) (citing *Williamson*, 473 U.S. at 195; *Severance*, 566 F.3d at 497).